Comstock, J.
One of the provisions of the policy was, that if the insured or his assigns should obtain any other insurance on the same property the policy should be void, unless within a reasonable time the additional insurance should be notified to the company and indorsed on the instrument, or otherwise approved in writing. A subsequent insurance for $2000 having been procured from another company, it is conceded that the policy in question is void, unless the condition has been complied with; and the question is, whether Park, the agent, who assumed to approve of the second insurance, acted by authority derived from the defendants. The appointment of Mr. Park as agent was in writing, and under the corporate seal of the defendants; and by its terms it declared that he “ had been regularly appointed an agent and surveyor of the company, and was duly authorized to take applications for insurance.” This was the only express authority which the agent ever received from the company, and there is no evidence in the case from which any other can be implied. It does no^ appear that he was ever held out to the world by his principals as possessing any power not included in his written appointment, or that he ever performed any acts as agent, until the one now in question, which that appointment would not in terms justify. The defendants, therefore, are not bound by his approval of the subsequent insurance, unless that act is included within the written power.
*421 What, then, is the construction of the writing from which the agent derived his authority? It is open to only twTo interpretations. One is, that it constitutes an agency limited to receiving applications for insurance, and, of course, communicating them to the company; the other, that there is no limitation. The writing first declares that Mr. Park is appointed agent. This is general and unlimited, unless by the declaration immediately following, that he is duly authorized to receive applications. If we measure the authority by the first clause only, then there is nothing to restrict it, and the agent may make contracts of insurance, adjust losses, approve of subsequent policies, and, in short, wield all the powers of the corporation. If we take the succeeding clause as a qualifying and restricting one, it defines the agency precisely. It .is then confined to the negotiation of contracts, without authority to bind the company at all; and this, in my opinion, is the true construction. If the agency is not thus qualified, .but, on the other hand, is general, then the last clause of the writing has really no meaning or force at all. It neither adds to nor subtracts from what precedes it. A general authority is first created, and then a very limited one is specially given. This, I am satisfied, wras not the intention of the author of the power. The design was to constitute an agency with the powers specified and no others. If this be not so, then, I repeat, the writing suggests no limitation whatever. The agency is either general, and extends to all the business of the corporation; or it is limited to surveys and receiving applications. There is no middle ground, and between these two constructions there is no room for hesitation.
In the case of McEwen v. The Montgomery County Mutual Insurance Company (5 Hill, 101), there was a provision in the policy that it should be void in case the assured had already made any other insurance not notified to the company. There was a prior insurance, but notice of it was given to the traveling agent of the company, whose autho *422 rized business was to solicit insurances, make surveys and receive applications. It was held that the notice was sufficient, and the policy was accordingly adjudged to be valid. The powers of the agent in that case and in the present one are quite similar; and I have no doubt that notice to Mr. Park, at the time of receiving the application, of the prior insurance, would be good. He was authorized to negotiate contracts of insurance, and therefore any facts which the company required to be made known before entering into the contract might properly be communicated to the agent. A prior insurance is a fact which enters into the negotiation and then into the contract. The fact may therefore be notified to the agent who negotiates, and it is his duty to communicate it to his principals before the contract is com eluded. But I cannot see that it is any part of the duty of such an agent to deal with the assured, in any respect, after the policy is issued. The agent’s functions have then ceased in respect to that contract, and he has no power to save it from forfeiture by his approval of a subsequent insurance.
It was suggested on the argument that the defendants are estopped from insisting that the policy is void by reason of having made an assessment on the premium note which was paid by the insured. It does not appear, however, when the assessment was imposed, nor whether the payment was made to any one authorized to receive it. The evidence, I think, is not such as to present the question of estoppel.
The judgment should be reversed and a new trial granted.
Denio, C. J., A. S. Johnson, Selden and Hubbard, Js., . concurred in the foregoing opinion. T. A. Johnson, J., took no part in the decision. Wright and Mitchell, Js., dissented.
Judgment reversed